UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
DANIEL TORRES, et al.,

                                Plaintiff,

    -against-                                                        14-CV-9714 (ALC)

LOCAL 660, UNITED WORKERS OF AMERICA,        **OPINION & ORDER**

                                Defendant.

------------------------------------------------------------------ x
LOCAL 660, UNITED WORKERS OF AMERICA,

                                Third-Party Plaintiff,

    -against-

ACTION ENVIRONMENTAL SYSTEMS, LLC, et al.,

                                Third-Party Defendants.

------------------------------------------------------------------ x
**ANDREW L. CARTER, JR., District Judge:**

    Plaintiffs filed this action against Local 660, United Workers of America ("Local 660") alleging a breach of the duty of fair representation as construed under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Local 660 has filed a third-party complaint against Action Environmental Systems, LLC, Action Environmental Solutions, LLC, and Action Carting Environmental Services, Inc. (collectively "Action" or "Third-Party Defendants"). Before the Court is Action's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c). This motion is GRANTED for the reasons below.

## BACKGROUND

The following facts are taken from the Third-Party Complaint ("Compl.") and are construed in favor of the Third-Party Plaintiff. Local 660 and Action had a collective bargaining agreement for the period of July 1, 2011 to June 30, 2014. Compl. ¶ 5. On June 10, 2014, Local 660 and Action entered into a Stipulation of Agreement ("Agreement") that would govern the wages and benefits of the bargaining unit defined by the collective bargaining agreement. Compl. ¶ 7. On the same date, Local 660 and Action reached a side agreement requiring ratification of the Agreement on or before June 12, 2014. Compl. ¶ 8. On June 11, 2014, Local 660 informed the employees of the bargaining unit that the Agreement reached between Local 660 and Action required ratification to take effect and that this ratification vote was to be held on June 11, 2014. Compl. ¶ 9. On June 11, 2014, Local 660 held a ratification vote and the Agreement was not ratified. Compl. ¶ 10. On or about October 16, 2014, Local 108 became the certified bargaining representative for the employees within the bargaining unit. Compl. ¶ 12.

On December 10, 2014, individual members of the bargaining unit filed this suit against Local 660 alleging a breach of its duty of fair representation. ECF No. 1. On February 23, 2015, Local 660 answered the Complaint and impleaded Action. ECF No. 6. In its Third-Party Complaint, Local 660 claims that if the side agreement is found to be invalid then Action breached the Stipulation of Agreement. Compl. ¶ 14-16. Therefore, Action, and not Local 660, would be liable for the cost modifications and increases in the benefit unit's wages and benefits governed by the Stipulation of Agreement.

On October 5, 2015, Action filed the instant motion pursuant to Federal Rule of Civil Procedure 12(c) ECF No. 20. In particular, Action contends that Local 660's cause of action either amounts to an unlawful request for contribution or indemnity or an attempt to prosecute a

breach of a contract. Third-Party Defendants' Memorandum of Law, ECF No. 21, at 4 *et seq*. Action contends that either theory requires a judgment on the pleadings against Local 660.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is subject to the same standard of review as a motion to dismiss under Rule 12(b)(6). *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010); *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). To withstand a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In essence, a grant of a motion pursuant to Rule 12(c) is proper if "from the pleadings, the moving party is entitled judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union*, 47 F.3d 14, 16 (2d Cir. 1995) (per curiam).

## APPLICATION

Local 660 essentially seeks to hold Action liable if this Court later finds that plaintiffs are entitled to relief from the breach of the Agreement. The Court agrees that this third-party claim is tantamount to a request for contribution or indemnity. The first question is whether such a request is appropriate.

The Supreme Court has indicated that a "right to contribution may be recognized 'through the affirmative creation of a right of action by Congress, either expressly or by clear implication,' or 'through the power of federal courts to fashion a federal common law of contribution.'" *Chemung Canal Trust Co. v. Sovran Bank/Maryland*, 939 F.2d 12, 15 (2d Cir. 1991) (quoting *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 638 (1981)). Here, Section 301 of the Labor Management Relations Act, codified as 29 U.S.C. § 185, is the

operative statute and, for this statute, it is proper to look toward the common law.[1] The Supreme Court has read this law as vesting in the courts the power to develop a common law of labor-management relations within the jurisdiction granted by the statute. *Textile Workers v. Lincoln Mills*, 353 U.S. 448 (1957). The Court's independent research has not disclosed any case in this Circuit indicating that a right to contribution in LMRA cases exists under federal common law. Local 660 has not presented any arguments why a right to contribution should be created here, nor is the Court inclined to create a right, *sua sponte*, in the case before it.[2]

Additionally, the Court may not accept any theory that Local 660 is entitled to bring a claim against Action for its breach of the Agreement. Local 660 contends that there is disagreement as to whether the Agreement was ratified, and that this disagreement precludes dismissing the third-party complaint. Third-Party Plaintiff's Memorandum of Law in Opposition, ECF No. 24, at 7. Even when accepting the facts in the third-party complaint, it is apparent that Local 660 lacks standing for enforcing the agreement. The National Labor Relations Act contemplates a single representative for a bargaining unit. 29 U.S.C. § 159(a). Courts in this district have previously relied on this principle to hold that a labor union lacks standing when it no longer represents employees. *See Federation of Union Representatives v. Unite Here*, 736 F. Supp. 2d 790 (S.D.N.Y. 2010); *Kenin v. Warner Bros. Pictures, Inc.*, 188 F.

---

[1] In *Chemung*, the Second Circuit held that the usual "right of action" analysis found in *Cort v. Ash*, 422 U.S. 66 (1975), would be improper in an ERISA case with similar facts. 939 F.2d at 15. The Second Circuit noted that the *Cort v. Ash* methodology requires automatically dismissing the action if the party seeking the remedy is not one for whose benefit Congress created the legislation. *Id.* The Circuit found this analysis too simplistic for a right of action for contribution because the person seeking the remedy seeks to equitably distribute responsibility for the plaintiff's losses among those responsible. *Id.* Although the Circuit applied this reasoning to an ERISA case, the Court finds the same logic applicable to this matter.

[2] In *Chemung*, the Second Circuit relied on ERISA's relationship to traditional trust law to hold that the right of contribution developed under the common law of trusts should extend to the statute. 939 F.2d at 16. The Circuit specifically noted that "[b]y so concluding, we are not creating a right from whole cloth. We are simply following the legislative directive to fashion, where congress has not spoken, a federal common law for ERISA by incorporating what has long been embedded in traditional trust law and equity jurisprudence." *Id.* In the present case, there is no argument that LMRA has a sufficiently similar relationship to trust law to warrant the creation of a right.

4

Supp. 690 (S.D.N.Y. 1960). In light of the fact that the third-party complaint clearly states that Local 108 is the current representative for plaintiffs, Compl. ¶ 12, this Court also finds that Local 660 has no standing to enforce the agreement.

## CONCLUSION

For the reasons stated above, the Court grants the motion for judgment on the pleadings pursuant to Rule 12(c) and dismisses the third-party complaint.

**SO ORDERED.**

**Dated:**   New York, New York
             February 1, 2016

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**